Joseph JACKSON and Sayzon
L. Ford, Appellants,

v.

UNITED STATES, Appellee.

No. 98–CF–1620, 99–CF–99.

District of Columbia Court of Appeals.

Dec. 11, 2003.

Before FARRELL, RUIZ, and GLICKMAN, Associate Judges.

### *ORDER*

When this case was last before us, *see Jackson v. United States,* 768 A.2d 580 (D.C.2001), we retained jurisdiction of the combined appeals[1] but remanded the record for findings necessary to enable us to decide whether, in each case, the erroneous failure of the trial court to order disclosure of the form DEA–86, a "Forensic Chemist Worksheet," was harmless under the standard of *Kotteakos v. United States,*

---

1. The two appellants, who were tried and convicted separately, are Joseph Jackson and Sayzon Ford.

328 U.S. 750, 764–65, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).[2] In each case, the remand was ordered to permit the trial judge to determine whether material discrepancies existed between the information entered on the DEA–86 form and information contained in the similar (but not identical) DEA–7 form which *had been* disclosed to the defense and introduced in evidence by the prosecutor at trial.

On remand, after a comparison of the now-disclosed documents, each appellant conceded in writing that no discrepancy existed between the DEA–86 and the DEA–7. The trial judge also reviewed the documents independently in each case and made a similar finding of no discrepancy.

Therefore, on the basis of the supplemented record and for the reasons otherwise stated in our original opinion, the judgments of conviction are

*Affirmed.*

---

**2.** We had concluded that, on the facts of both cases, the DEA–86 was discoverable under Super. Ct. Crim. R. 16(a)(1)(D) as a "report" containing the "results ... of scientific tests" performed on controlled substances.